FILED
United States Court of Appeals
Tenth Circuit

May 20, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ADRIAN GARCIA,

    Defendant - Appellant.

No. 15-4094
(D.C. No. 2:13-CR-00829-CW-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **McKAY**, and **BALDOCK**, Circuit Judges.
_____

A jury convicted Adrian Garcia of dealing methamphetamine.  Mr. Garcia now argues that the jury should not have been allowed to convict—that the court should have directed an acquittal because of insufficient evidence.  Mr. Garcia's argument has no merit.  The government presented ample evidence of Mr. Garcia's guilt.

Government agents monitored Mr. Garcia and his communications for three days—reading his text messages, listening to his phone conversations, and watching him through a camera on a telephone pole outside his house.  During those three days

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of surveillance, they captured a text message conversation in which Mr. Garcia and his friend Josh Cox negotiated the sale of "one and a half for 2,100." (R. vol. II at 85.) They listened to phone conversations in which Mr. Garcia asked his girlfriend where to find the key to her storage unit—the storage unit from which, according to the girlfriend's testimony, Mr. Garcia intended to pick up methamphetamine. The officers watched Mr. Garcia drive to the house where the key was, watched him drive into the facility where the storage unit was located, and took a photograph as he drove away.

Finally, the officers also listened to a phone conversation in which Mr. Garcia and Mr. Cox arranged to meet, and they took photographs of Mr. Garcia and Mr. Cox together a few minutes after Mr. Garcia left the storage unit. A half hour later they arrested Mr. Cox and found he was carrying one and a half ounces of methamphetamine—the same amount he and Mr. Garcia had agreed on by text message. Mr. Cox said at the time, and later testified in court, that he bought the meth from Mr. Garcia.

Mr. Garcia's challenges to this evidence are simply not plausible. He claims that his girlfriend and Mr. Cox were "inherently unreliable" witnesses (Appellant's Br. at 5), but the reliability of witnesses is for the jury to determine, not this court. He also suggests innocent explanations for various pieces of evidence: perhaps someone else sent the text messages from his phone; perhaps his negotiations with Mr. Cox involved not meth but used car parts, which he had sold Mr. Cox in the past.

2

And he is correct when he emphasizes that no officers actually saw him give the methamphetamine to Mr. Cox.

But none of this matters. The evidence, taken as a whole, would allow a reasonable jury to convict Mr. Garcia. Mr. Garcia's conviction is **AFFIRMED**.


Entered for the Court


Monroe G. McKay
Circuit Judge